IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DENITA BROCK,                      )
                                   )
                                   )
        Plaintiff,                 )
                                   )
vs.                                )    Case No. 3:09cv48-MPM-DAS
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
        Defendant.                 )

**ORDER OF REVERSAL AND REMAND**

On motion of Michael J. Astrue, Commissioner of the Social Security Administration, Defendant in the above cause and pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), this Court hereby reverses the Commissioner's decision and remands Plaintiff's claim for further development of the record and the issuance of a new decision.

The ALJ found the claimant did not have an impairment that was "severe" at step two (Tr. 19). He acknowledged that she suffered from the medically determinable impairments of hernia, lumbar radiculopathy, and irritable bowel syndrome, but he found that these impairments did not restrict her ability to perform normal work related activities (Tr. 18, 18-22). The "severity" assessment at step two of the sequential evaluation process is de

minimis, and the claimant need only show that her impairments caused at least some restriction in her ability to perform work-related activities.  See 20 C.F.R. § 404.152 (2009); Bowen v. Yuckert, 482 U.S. 137 (1987); Loza v. Apfel, 219 F.3d 378 (5th Cir. 2000).

In finding that Plaintiff did not have a severe impairment, ALJ did not address reports from two consultative examiners, W. Brian Thomas, Psy.D., and John Frenz, M.D., both of whom opined that Plaintiff had at least some restriction in her ability to perform work-related activities.  Dr. Thomas, a psychologist, observed that the claimant was depressed, and he opined that she had a "questionable" ability to sustain concentration (Tr. 210).  On a medical source statement form, he indicated that she would have a "poor" ability to deal with work stress, in addition to other limitations (Tr. 210-11).  Dr. Frenz diagnosed "chronic low backache" of uncertain etiology (Tr. 217).  While his narrative report made note of little objective evidence of any profound restrictions, he still found that she could perform no more than light-level lifting, that she was restricted in standing and walking, and that she could not kneel or crawl, among other limitations (Tr. 219-20).

On remand, the Appeals Council will remand Plaintiff's case to an ALJ.  The ALJ will be directed to consider the consultative examiners' reports.  He will hold another hearing, and he will

evaluate the consultative examiners' opinions in order to reassess whether she has an impairment that is "severe" under the meaning of the Act. If necessary, the ALJ will be instructed to continue with the remaining steps of the sequential evaluation process.

The Clerk of the court will enter a separate judgment pursuant to Rule 58 of the *Federal Rules of Civil Procedure*.

SO ORDERED this the 10th day of November, 2009.

                                        /s/David A. Sanders
                                         UNITED STATES MAGISTRATE JUDGE